IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50696
Conference Calendar

_____

BILLY RAY REED,

Plaintiff-Appellant,

versus

VIRGINIA RIVAS, Nurse; GENARO GONZALES, Nurse,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CV-404
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

Billy Ray Reed, Texas prisoner #931679, seeks leave to proceed in forma pauperis ("IFP") on appeal following the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief could be granted. By moving for IFP, Reed is challenging the district court's certification that he should not be granted IFP status because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Reed's allegations that the defendants failed to follow the proper procedure in transferring him from a bed to a wheelchair, which he alleged resulted in his being dropped to the floor, amount to, at the most, a claim of negligence which is insufficient to give rise to a 42 U.S.C. § 1983 cause of action. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Reed makes other allegations against the defendants which he contends show that they acted with deliberate indifference. Reed did not make these allegations in the district court, and they may not be raised on appeal for the first time. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Reed has failed to show that the claims that were dismissed present nonfrivolous issues for appeal. Accordingly, the district court's order certifying that the appeal is frivolous is upheld. Reed's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Reed is warned that if he accumulates one more "strike" pursuant to 28 U.S.C. § 1915(g), he may not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; STRIKE WARNING ISSUED.